***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications, therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the alleged injury is July 28, 1998.
2. All parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employer-employee relationship existed between plaintiff and defendant-employer on July 28, 1998.
4. On July 28, 1998, defendant-employer had insurance coverage with Ohio Casualty Group.
5. The parties stipulated into evidence as Stipulated Exhibit 1, the September 28, 2000 deposition of S. Lamont Wooten, M.D.
6. The parties stipulated into evidence as Stipulated Exhibit 2, a packet of plaintiff's medical records from Dr. White, Dr. Wooten, Dr. Edwards and a FCE.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was a 49-year-old male, born January 14, 1953 who had finished high school. Plaintiff had served three years in the Army and six years in the National Guard and had a service related disability based on damage to both knees.
2. In 1996 or 1997, plaintiff became employed by defendant-employer as a transfer driver. He would take garbage from landfill to landfill. At the beginning of his day, he would connect his truck and the hydraulics and pre-trip his truck. Plaintiff's truck was an 18-wheeler. Plaintiff's pre-tripping of his truck would require checking the water, oil, tires and lugs on the tires and making necessary adjustments. The roundtrip drive from the Pitt County landfill to the Bertie County landfill was three hours. Plaintiff would pick up garbage from the Pitt County landfill and take it to the Bertie County landfill. As part of plaintiff's duties, he also hooked up and dropped various trailers from his truck.
3. On August 27, 1997, plaintiff was evaluated by Dr. Randall E. White. He had been referred by Dr. White by Dr. Um, his primary care physician, for evaluation of musculoskeletal pain. Plaintiff had a chronic history of aching in his back, hands, legs and feet for years.
4. On January 16, 1998, plaintiff returned to Dr. White complaining of hand numbness. Plaintiff complained of intermittent numbness at night. Plaintiff underwent diagnostic testing, which revealed that he had bilateral carpal tunnel syndrome. Upon plaintiff's diagnosis of bilateral carpal tunnel syndrome, Dr. White referred plaintiff to Dr. Lamont Wooten, a board-certified orthopaedic surgeon with a concentration in hand surgery.
5. Plaintiff presented to Dr. Wooten on July 24, 1998. At that time, Dr. Wooten was of the opinion that plaintiff had carpal tunnel syndrome, which had been present for "quite some time" and recommended release surgery.
6. Thereafter, plaintiff underwent carpal tunnel release surgery on his left hand in July 1998 and then on his right hand on February 26, 1999.
7. On May 27, 1999, plaintiff was released to return to work as a truck driver by Dr. Wooten.
8. At the time plaintiff was released to return to work as a truck driver, Dr. Wooten was of the opinion that plaintiff retained a 10% permanent partial impairment to his left hand and a 5% permanent partial impairment to his right hand.
9. Plaintiff's last date of employment with defendant-employer was July 28, 1998. He has not worked since that time other than one attempt at truck driving with another company. Plaintiff was unable to perform his job due to his inability to climb in and out of the truck due to his back and knee problems. Plaintiff has applied for social security disability due to his constellation of symptoms including back, knee, hands and hypertension.
10. Dr. Wooten was of the opinion that people who have carpal tunnel syndrome have particular activities that bring out their symptoms and driving is certainly one of them. Whether the driving is causative or it is the position that the hand is held in when one drives is difficult to say. The positions that one holds one's hand in while using the steering wheel aggravates the symptoms of carpal tunnel syndrome not only in truck drivers, but in people driving about town and is a common complaint with people with carpal tunnel syndrome. Dr. Wooten's opinion regarding whether plaintiff's job duties caused plaintiff's bilateral carpal tunnel syndrome was speculative. He further indicated that whether or not plaintiff's job placed him at a greater risk was speculative. Dr. Wooten did not view plaintiff's job.
11. Dr. George Edwards, who reviewed plaintiff's medical record as well as a videotape of plaintiff's job, was of the opinion that plaintiff's job did not place him at an increased risk of developing carpal tunnel syndrome compared to members of the general public not so employed. Dr. Edwards was further of the opinion that plaintiff's carpal tunnel syndrome was not caused or significantly aggravated by plaintiff's employment with defendant-employer.
12. Plaintiff does indeed suffer from carpal tunnel syndrome. However, plaintiff's carpal tunnel syndrome was not caused by or significantly contributed to by his job duties with defendant-employer.
13. Plaintiff's job with defendant-employer did not place him at an increased risk of developing carpal tunnel syndrome as compared to members of the general public not so employed.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that his carpal tunnel syndrome was caused by or significantly contributed to by his job duties with defendant-employer. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff has failed to prove by the greater weight of the evidence that his employment placed him at an increased risk of developing carpal tunnel syndrome as compared to members of the general public not so employed. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff does not suffer from an occupational disease; therefore, plaintiff is not entitled to compensation under the Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs; however, defendants shall pay an expert witness fee in the amount of $380.00 to Dr. Wooten.
This the ___ day of __________ 200_.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER